IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
NOV 22 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| JEREMIE T. TOHOTCHEU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:11-CV-767 |
| ) | |
| HARRIS TEETER, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Harris Teeter's Motion to Dismiss Plaintiff's claims of employment discrimination, negligence and intentional infliction of emotional distress for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This case concerns Plaintiff's allegations that Defendant unlawfully discriminated against and discharged him from employment on the basis of national origin.

There are four issues before the Court. The first issue is whether the Court should dismiss Plaintiff's discrimination claim based on national origin under Title VII where (1) Plaintiff's allegations regarding his satisfactory work performance lack factual support and (2) Plaintiff fails to allege both that he is a member of a protected class and that similarly situated employees outside the protected class received more favorable treatment from Defendant. The second issue is whether the Court should dismiss Plaintiff's claim of retaliation under Title VII where Plaintiff fails to allege sufficient facts that he engaged in a protected activity. The third issue is whether the Court should dismiss Plaintiff's claim for negligence arising from an alleged wrongful termination where (1) the Plaintiff does not allege any facts to support his claim (2) the Complaint was filed more than two years after the alleged wrongful termination. The fourth issue

is whether the Court should dismiss Plaintiff's claim for intentional infliction of emotional distress arising from an alleged wrongful termination where (1) the Plaintiff does not allege any facts to support his claim and (2) the Complaint was filed more than two years after the alleged wrongful termination.

The Court holds that: (1) Plaintiff fails to state a claim of discrimination because Plaintiff fails to allege with specificity two elements of the discrimination claim and his allegations related to satisfactory work performance lack factual support; (2) Plaintiff fails to state a claim of retaliation because he does not allege sufficient facts that he engaged in a protected activity; (3) Plaintiff fails to state a claim for negligence because he does not allege any facts concerning the elements of a negligence claim and any claim of negligence arising from termination of employment that occurred over two years before the Complaint was filed is barred by the statute of limitations; (4) Plaintiff fails to state a claim for intentional infliction of emotional distress because he does not allege any facts concerning the elements of an intentional infliction of emotional distress claim, and any claim of intentional infliction of emotional distress arising from termination of employment that occurred over two years before the Complaint was filed is barred by the statute of limitations. Accordingly, the Court GRANTS Defendant's Motion to Dismiss and dismisses all claims without prejudice.

## I. BACKGROUND

This is an employment discrimination action brought by Plaintiff Jeremie Tohotcheu against Defendant Harris Teeter, Inc. ("Harris Teeter") alleging wrongful termination based on national origin. Harris Teeter hired Plaintiff, a native of Cameroon, to work in its Reston, Virginia store on September 13, 2007, and he worked there until his first termination in

December 2007.[1] (Compl. ¶ 2.) Subsequently, Harris Teeter rehired Tohotcheu in January 2008 and terminated him again in October 2008. *Id.* Plaintiff alleges that soon after his second termination, a human resources specialist with Harris Teeter contacted Plaintiff and rehired him. *Id.* Finally, Harris Teeter terminated him a third time in December 2008. *Id.* In February 2009, Plaintiff allegedly learned from the Virginia Employment Commission that the reason for his termination was "failure to provide [Harris Teeter] with proper work documentation after a two weeks' notice was given to [him]." (Compl. ¶ 3.)

Plaintiff subsequently filed complaints with the Equal Employment Opportunity Commission ("EEOC") and the Department of Justice, Office of Special Counsel ("OSC"). (Compl. ¶ 4.) On February 15, 2011, the EEOC dismissed Plaintiff's claim alleging national origin discrimination, noting it was "unable to conclude that the information obtained establishes violations of the statutes."[2] (Compl., Ex. A.)

Plaintiff appealed the OSC's dismissal to the Office of Chief Administrative Hearing Officer ("OCAHO") and also to the Fourth Circuit. (Compl. ¶ 3.) Plaintiff's appeal to the Fourth Circuit was dismissed on July 22, 2011. *See* Order ¶ 1, July 22, 2011 (Dkt. No. 5-1.)

On May 13, 2011, Plaintiff commenced this action in the Circuit Court of Fairfax County[3] seeking monetary damages including back pay for what he could have earned since December 8, 2008, damages of losses incurred from the termination, and compensation for the

---

[1] The Complaint does not specify Plaintiff's national origin, but on the attached EEOC complaint, Plaintiff indicates that he is a native of Cameroon.

[2] According to Defendant, the EEOC referred to the OSC a portion of Plaintiff's charge that alleged document abuse discrimination, pursuant to 8 U.S.C. § 1324 (b), which was later dismissed as well. (Def.'s Mem. in Supp. Mot. to Dismiss at 2.)

[3] It is not clear what the cause of action is because Plaintiff makes only broad assertions that he was wrongfully terminated by Defendant. Specifically, it is difficult to discern from the Complaint exactly how Defendant Harris Teeter wrongfully terminated his employment. Plaintiff has not cited any case law or statutes which would help to clarify his claim of wrongful termination and identify his causes of action.

emotional distress resulting from the situation. (Case No. CL-2011-7859.) Defendant removed the case from the Circuit Court to this Court on July 20, 2011, and filed its Motion to Dismiss on July 29, 2011, which is before this Court.[4]

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint is also insufficient if it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (citation and internal quotation marks omitted). Because the central purpose of the complaint is to provide the defendant "fair notice of what the claim is and the grounds upon which it rests," the plaintiff's allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

In reviewing a Rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein

---

[4] Defendant identifies Plaintiff's three initial causes of action as discrimination, negligence, and intentional infliction of emotional distress. Defendant also asserts that Plaintiff, in his Response, raises the issues of retaliation and humiliation. Defendant construes Plaintiff's "humiliation" claim as a claim for intentional infliction of emotional distress. (Def.'s Mem. in Supp. Mot. to Dismiss at 2, Dkt. No. 5.)

as true. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (citation omitted). In addition to the complaint, a court may also examine any "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).

### III. ANALYSIS

#### 1. Discrimination Claim

The Court grants Defendant Harris Teeter's Motion to Dismiss with respect to Plaintiff's discrimination claim under Title VII because (1) Plaintiff's allegations as to his satisfactory work performance lack factual support, and (2) the Complaint fails to allege the elements of a *prima facie* case for discrimination.

To state a claim of discrimination under Title VII, a plaintiff must allege that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing satisfactorily at the time of the adverse employment action; and (4) similarly situated employees outside the protected class received more favorable treatment. *Bateman v. American Airlines, Inc.*, 614 F. Supp. 2d 660, 674 (E.D. Va. 2009) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). When the alleged adverse action is termination, Title VII plaintiffs must show that they were replaced by someone outside of their protected class. *See Miles v. Dell, Inc.*, 429 F.3d 480, 486 (4th Cir. 2005). When Plaintiff fails to show that Defendant hired someone else outside of his protected class to replace him, he fails to set forth facts sufficient to allege each element of his claim. *See Gerner v. Cnty. of Chesterfield*, 765 F. Supp. 2d 770, 774 (E.D. Va. 2011).

The Complaint does not contain any allegation that Plaintiff is a member of a protected class, nor does it allege that similarly situated employees outside the protected class received more favorable treatment. Similarly, Plaintiff has not supported with sufficient factual allegations his assertion that he was performing satisfactorily at the time of the termination. The Complaint contains only a conclusory statement that he was a "very good and outstanding employee" who completed his work beyond his employer's expectations in order to show that he was performing satisfactorily at the time of the termination. (Compl. ¶ 5.) Therefore, Plaintiff fails to allege facts sufficient to support three elements of a discrimination claim under Title VII. The Court grants Defendant's Motion to Dismiss as to this discrimination claim.

### 2. Retaliation Claim

The Court grants Defendant Harris Teeter's Motion to Dismiss with respect to Plaintiff's claim of retaliation because Plaintiff only generally alleges that Harris Teeter engaged in retaliatory conduct against him, failing to provide sufficient factual content to support his assertion that he engaged in a protected activity that resulted in an adverse employment action.

In order to state a claim of retaliation, a plaintiff must allege that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action at the hands of his employer; and (3) a causal connection existed between the protected activity and the adverse action. *See Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001). Under Title VII, protected activities fall into two categories: participation or opposition activities. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). The Title VII anti-retaliation provision's "opposition clause" makes it an unlawful employment practice for an employer to discriminate against any of his employees because the employee has opposed any practice made unlawful by the subchapter. The "participation clause" makes it an unlawful employment practice for an employer to

discriminate because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the subchapter. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a). A protected activity under the opposition clause of Title VII involves opposing discriminatory practices in the workplace, and a protected activity under the participation clause of Title VII involves "participating in an ongoing investigation or proceeding under Title VII." *Id.*

The Complaint alleges that Plaintiff suffered an adverse employment action but fails to set forth facts to support the claim that he engaged in a "protected activity" as defined by Title VII. Specifically, Plaintiff's retaliation claim appears to be based on the allegation that he informed his supervisors of ways to improve several "points that were not working well in the department." (Compl. ¶ 2.) Plaintiff alleges that, as a result of his suggestions, he became the "victim" of "abuse" by his supervisors and was eventually terminated.[5] (Compl. ¶ 2.) Plaintiff does not allege that he opposed any discriminatory practices or that he participated in a Title VII investigation. Plaintiff's alleged suggestions regarding the management of his department do not constitute a "protected activity" within the meaning of Title VII. Plaintiff has failed to allege that he engaged in a "protected activity" under Title VII and that a causal connection existed between the "protected activity" and the adverse action. As such, Plaintiff's retaliation claim fails as a matter of law, and the Court grants Defendant's Motion to Dismiss as to this claim.

### 3. Negligence Claim

The Court grants Defendant's Motion to Dismiss Plaintiff's negligence claim because (1) Plaintiff does not allege any specific act constituting negligence but rather makes only vague

---

[5] Additionally, in his Response, Plaintiff, for the first time, asserts that he was unable to work because of a medical condition. (Pl.'s Resp. to Def.'s Mot. to Dismiss at 2, Dkt. No. 7.) As an additional basis for his claim of retaliation, Plaintiff contends that Defendant was looking for a way to terminate Plaintiff from that point on because of his inability to work. (*Id.*)

7

references to negligence as related to his December 8, 2008 termination, and (2) the claim is time barred.

First, Plaintiff fails to allege sufficient facts to support his negligence claim. In Virginia, a claim for negligence must include allegations that: (1) a legal duty was owed by the Defendant; (2) that duty was breached by the Defendant; and (3) a harm or injury was proximately caused by the breach. *See McGuire v. Hodges*, 273 Va. 199, 205-06 (2007). Plaintiff cannot satisfy the most basic pleading requirements by simply stating a cause of action without providing any factual support. *See Iqbal*, 129 S. Ct. at 1949. Here, Plaintiff makes only a conclusory statement that he is a "victim of Harris Teeter Inc. [sic] negligence" and that there was a "chain of negligence which was motivated by discrimination." (Compl. ¶ 9.) The Complaint neglects to mention any of the elements required for a claim of negligence and does not allege any facts supporting the elements of a negligence claim. Thus, Plaintiff fails to state a claim of negligence, and this Court grants the Defendant's Motion to Dismiss with respect to the negligence claim.

Second, even if the Plaintiff met the pleading requirements for his negligence claim, the claim would be barred by Virginia's two-year statute of limitations. Virginia has a two-year statute of limitations for negligence that accrues at the time of the injury. *See Va.* Code Ann. § 8.01-243 (2011). The filing of an EEOC charge does not equitably toll the statute of limitations as to related state law claims. *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 465-66 (1975). Additionally, tolling has been held not to apply in situations where a plaintiff pursues parallel avenues of relief in a government agency. *See Kolomick v. United Steelworkers of America, Dist. 8, AFL-CIO*, 762 F.2d 354, 356 (4th Cir. 1985) (refusing to toll a statute of

limitations on the basis that the plaintiff had filed a charge with the National Labor Relations Board).

Plaintiff alleges that he was injured due to his employment termination, which occurred on December 8, 2008. Because Plaintiff's injury occurred over two years prior to his filing of the Complaint in May 2011, his negligence claim is time barred. Accordingly, the Court grants Defendant's Motion to Dismiss as to the negligence claim because (1) Plaintiff fails to state a claim for relief and (2) a negligence claim that accrued in December 2008 would be barred by the statute of limitations.

### 4. Intentional Infliction of Emotional Distress Claim

The Court grants Defendant's motion to dismiss Plaintiff's claim for intentional infliction of emotional distress because (1) the Complaint does not allege any facts to support a claim for intentional infliction of emotional distress, and (2) the claim is time barred.

First, Plaintiff fails to allege sufficient facts to support his intentional infliction of emotional distress claim. In order to state a claim for intentional infliction of emotional distress in Virginia, a plaintiff must allege that: (1) the defendant acted intentionally or recklessly; (2) the behavior was outrageous or intolerable; (3) a causal connection exists between the behavior and the emotional distress; and (4) the resulting emotional distress was severe. *See Harris v. Kreutzer*, 271 Va. 188, 203 (2006). Plaintiff alleges only one fact related to his intentional infliction of emotional distress claim--that he has suffered "emotional distress." (Compl. ¶ 11.) Besides that conclusory statement, Plaintiff does not provide factual support for any element of the intentional infliction of emotional distress claim. Plaintiff's allegation of emotional distress is insufficient to state a claim for relief under Virginia law.[6]

---

[6] Furthermore, courts applying Virginia law have uniformly indicated that in the great majority of cases, employment discrimination will not meet the demanding standard required for a plaintiff to state a claim for

Second, even if Plaintiff properly stated a claim for intentional infliction of emotional distress, the claim is barred by the statute of limitations. There is a two-year state of limitations for claims of intentional infliction of emotional distress. *See* Va. Code Ann. § 8.01-243. The limitations period begins to run when the tort is committed. *See* Va. Code Ann. §§ 8.01-230 (a right of action accrues when the wrongful act occurs). The filing of an EEOC charge does not toll the statute of limitations as to related state law claims. *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 465-66 (1975). Additionally, tolling has been held not to apply in situations where a plaintiff pursues parallel avenues of relief in a government agency. *See Kolomick v. United Steelworkers of America, Dist. 8, AFL-CIO*, 762 F.2d 354, 356 (4th Cir. 1985) (refusing to toll a statute of limitations on the basis that the plaintiff had filed a charge with the National Labor Relations Board).

In this case, Plaintiff's claim stems from his termination by Harris Teeter on December 8, 2008. Because Plaintiff did not file his Complaint until May 13, 2011, his claim is barred by the applicable statute of limitations. Therefore, the Court grants Defendant's Motion to Dismiss as to the claim for intentional infliction of emotional distress.

## IV. CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint because (1) as to the claim of discrimination, Plaintiff's Complaint fails to allege with specificity elements of the discrimination claim and his allegations related to satisfactory work performance lack factual support; (2) as to the claim of retaliation, Plaintiff's Complaint fails to allege sufficient facts that

---

intentional infliction of emotional distress. *See Burke v. AT & T Technical Services Co., Inc.*, 55 F. Supp. 2d 432, 441 (E.D. Va. 1999).

he engaged in a protected activity that caused an adverse employment action; (3) as to the claim of negligence, Plaintiff fails to allege any facts supporting the elements of a negligence claim, and alternatively, any claim of negligence arising from his termination in December 2008 would be barred by Virginia's two-year statute of limitations; and (4) as to the claim of intentional infliction of emotional distress, the Complaint fails to allege facts supporting any element of the claim, and alternatively, any claim of intentional infliction of emotional distress arising from his termination in December 2008 would be barred by Virginia's two-year statute of limitations.

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record and to Mr. Tohotcheu.

ENTERED this 22nd day of November, 2011.

Alexandria, Virginia
11/22/2011

/s/
Gerald Bruce Lee
United States District Judge